IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MITCHELL ROSIN**, <br><br> Plaintiff, <br><br> v. <br><br> **LARRY TRENT**, Director, Office of Governmental Affairs, State Police, **TRACY NEWTON**, Supervisor, Sex Offender Registration, Illinois State Police, <br><br> **Defendants.** | FILED: JUNE 20, 2008 <br> No. 08CV3541 <br> JUDGE DER-YEGHIAYAN <br> MAGISTRATE JUDGE MASON <br> RCC |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER APPROPRIATE RELIEF

Plaintiff, Mitchell Rosin, through his attorneys, Thomas Peters and Kevin Peters, states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Cook County, Illinois

2. Larry Trent is the Director of the Illinois State Police and, in that capacity, he is responsible for establishing guidelines and procedures relating to the registration of Illinois sex offenders.

3. Tracy Newton is the Supervisor of Sex Offender Registration for Illinois and, in

that capacity, she enforces the rules, guidelines, and policies of Defendant Trent.

4. Defendants, Trent and Newton, were acting in their official capacities and within the course and scope of their employment when they established the rules, policies, and procedures that were applied to Plaintiff.

5. Defendants were at all times acting under color of state law.

6. This suit is brought pursuant to 42 U.S.C. for violation of Plaintiff's constitutional rights as guaranteed by the Full Faith & Credit Clause of the United States Constitution.

7. The Court has jurisdiction pursuant to 28 U.S.C. 1343.

8. Venue is appropriate in this District because Plaintiff resides within this District.

## RELEVANT FACTS

9. Plaintiff was charged with a sex offense in Westchester County, New York. (Case No. 00080708)

10. On or about March 27, 2003, he entered a plea of guilty to a misdemeanor offense.

11. The plea was entered pursuant to an agreement with the prosecutor.

12. The agreement with the prosecutor included an express provision that Plaintiff would not be required to register as a sex offender.

13. The plea agreement between the New York prosecutor and Plaintiff was reduced to writing and was signed and approved by the New York Court on March 27,

2003.

14. As part of that written agreement, the New York court judge and the New York prosecutor specifically struck paragraph 29, which is the paragraph that otherwise would require sex offender registration.

15. Plaintiff would not have agreed to plead guilty to any charge, unless the sex offender registration requirement was expressly excluded as part of the New York court's sentencing order.

16. As a direct and proximate result of the plea agreement, and specifically the New York Court's order striking sex offender registration, Plaintiff was not required to register as a sex offender in New York.

17. Under the laws of New York, Plaintiff cannot be required to register as a sex offender.

18. The State of New York has at all time honored Plaintiff's guilty plea agreement and never requested that Plaintiff register as a sex offender.  (See attached "Release From Probation" Order.)

19. Plaintiff has resided in Oak Park, Illinois from 2000 until March, 2008.

20. Plaintiff has not at any time violated any Illinois law that would require him to register as a sex offender.

21. In February, 2008, Plaintiff was informed by R. Scianna, then a Commander of the Oak Park Police Department, that a) Plaintiff would have to move and b) Plaintiff was required to register as a sex offender for life.

22. Plaintiff was informed that based solely on his plea to the New York misdemeanor offense his failure to comply with those instructions would result in his arrest for violating the Illinois Sex Offender Registration Act.

23. To avoid being arrested, Plaintiff has complied with the orders given to him by R. Scianna and by Commander Harbor, also of the Oak Park Police Department, who were acting in accordance with the policies set by the Defendants.

24. Plaintiff remains under threat of arrest, if he fails to continue to register as a sex offender.

25. Defendants established the policy that caused Commander Scianna and Commander Harbor to order Plaintiff to register as a sex offender.

26. Defendant's policy violates the Full Faith and Credit Clause of Article IV, Section I of the United States Constitution.

27. Plaintiff's constitutional rights as guaranteed by the Full Faith and Credit Clause are being violated by Defendants' "policies and practices."

WHEREFORE, Plaintiff prays the Court will enter an order a) declaring that Plaintiff's New York plea is entitled to Full Faith Credit; b) that Plaintiff is not subject to registration under the Illinois Sex Offender Registration Act; and c) award Plaintiff damages, costs, and attorneys fees.

        Respectfully submitted,


        S/ Kevin Peters
        THOMAS PETERS
        KEVIN PETERS
        ATTORNEY FOR PLAINTIFF
        407 S. Dearborn, Suite 1675
        Chicago, Illinois 60605
        (312) 697-0022