## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MITCHELL ROSIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.      08-cv-3541** |
| | ) | |
| **v.** | ) | **Hon. Judge Der-Yeghiayan** |
| | ) | |
| **LARRY TRENT,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DISMISS

Defendants, Larry Trent and Tracy Newton, by their attorney, LISA MADIGAN, Illinois Attorney General, submit their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), stating as follows:

### A.  STANDARD FOR MOTION TO DISMISS

"While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). In ruling on a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995).

## B.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that he has been required to register as a sex offender in the state of Illinois as a result of his conviction in New York of sexual abuse in the third degree, pursuant to §130.55 of the New York criminal code, which states "A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent . . . (three affirmative defenses are omitted). Sexual abuse in the third degree is a class B misdemeanor." The conditions of Plaintiff's sentence in New York did not require such registration.

## C.  QUALIFIED IMMUNITY

In the event it is determined that Defendants are not sued in their official capacity, but rather in their individual capacity, Defendants are entitled to qualified immunity. "Government officials performing discretionary functions enjoy a qualified immunity from suit. Qualified immunity shields officers from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Leaf v. Shelnutt*, 400 F.3d 1070, 1079 (7th Cir. 2005)(citing *Anderson v. Creighton*, 483 U.S. 635 (1987)).

A two part test is required to determine if qualified immunity shields the official from liability. "First, the court must ask the threshold question: Taken in the light most favorable to the party asserting the injury, do the facts show the officer's conduct violated a constitutional right? . . . If the facts alleged make out a constitutional violation, then a court must determine whether the right was clearly established." *Id.* at 1080. "A right is clearly established when the contours of the

right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. The action's unlawfulness must be apparent from preexisting law." *Id.*

No case law exists directly on point that would guide Defendants to the conclusion that to order Plaintiff to register as a sex offender in Illinois would violate his constitutional rights. In fact, the only case law which provides similar circumstances is that involving the driver's license revocation, discussed below, where the decision to revoke an Illinois driver's license for a Colorado offense was upheld.

Defendants are therefore entitled to qualified immunity for any alleged violation of Plaintiff's rights under the Full Faith and Credit clause and the Complaint should be dismissed with prejudice.

## D.  THE SUIT SHOULD BE CONSTRUED AS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

A preliminary matter to be addressed is that Plaintiff has brought this suit against Defendants Trent and Newton without designating whether the suit is in their individual or official capacities.

Taken as a whole, the Complaint appears to state a claim against Defendants only in their official capacities. The caption of the case states the official titles of the persons sued –"Larry Trent, Director, Office of Government Affairs, State Police" and "Tracy Newton, Supervisor, Sex Offender Registration, Illinois State Police." Paragraph two states "Larry Trent is the Director of the Illinois State Police and, in that capacity . . . " and paragraph three states "Tracy Newton is the supervisor of

Sex Offender Registration for Illinois and, in that capacity . . . ." Additionally,

paragraph 4 states "Defendants, Trent and Newton, were acting in their official

capacities and within the course and scope of their employment when they

established the rules, policies, and procedures that were applied to Plaintiff." *Hill*

*v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991), states "in an official capacity suit

the plaintiff alleges that the defendant was party to the execution or

implementation of official policy or conduct by a government because the real party

in interest is the entity . . ." The injury alleged by Plaintiff clearly flows from the

official policy of the State Police that requires every person who meets the criteria

established in the Sex Offender Registration Act to register with the State of

Illinois.

   Based upon the internal allegations of the Complaint, it should be held that the

suit is against the Defendants in their official capacities only, and therefore a suit

against the State.

### E.  PLAINTIFF'S CLAIM FOR DAMAGES IS BARRED BY THE ELEVENTH AMENDMENT

   The Defendants, in their official capacity, are immune from suit for damages

under the Eleventh Amendment to the United States Constitution. A suit against

an official in his or her official capacity is "only another way of pleading an action

against an entity of which an officer is an agent. . ." and "is, in all respects other

than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473

U.S. 159, 165 (1985). The Supreme Court has held that a suit "by private parties

seeking to impose a liability which must be paid from public funds in the state

treasury" is barred. *Edelman v. Jordan*, 415 U.S. 651 (1974). See also *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984). The State is immune from suit for damages and the prayer for damages should therefore be dismissed with prejudice.

### F.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FULL FAITH AND CREDIT CLAUSE

Plaintiff has not alleged any order from New York state that Defendants have failed to give effect to. The New York order attached as Exhibit #1, does not does not state that "Plaintiff is not required to register." The provision for registration is merely stricken from Exhibit #1, leaving Exhibit #1 silent on the matter of registration.

Assuming, *arguendo,* that the striking of the registration provision constitutes an affirmative order that "Plaintiff is not required to register," Plaintiff still fails to state a claim. Exhibit #1, paragraph 29, read as an affirmative order, states that Plaintiff is not required to register as a sex offender with the *New York State Division of Criminal Justice Services* (emphasis added). Plaintiff's Complaint makes no allegation that Illinois has required him to register with that New York state agency, only that he be required to register with the appropriate Illinois state agency. Illinois has taken no action whatsoever to effect the New York court's order that Plaintiff not register in New York.

## G. REGISTRATION REQUIREMENTS ARE SET BY ILLINOIS LAW, NOT BY POLICY

Registration of sex offenders in Illinois is required by statute, 730 ILCS 150/1, *et seq.*, the "Sex Offender Registration Act." The Act requires registration by individuals described in 730 ILCS 150/2: "Definitions. (A) As used in this Article, 'sex offender' means any person who is: (1) charged pursuant to Illinois law, or any substantially similar . . . sister state . . . law, with a sex offense set forth in subsection (B) of this Section or the attempt to commit an included sex offense, and: (a) is convicted of such offense or an attempt to commit such offense . . . For purposes of the Section, 'convicted' shall have the same meaning as 'adjudicated'."

Plaintiff has not alleged that the sex offense for which he was convicted ("A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent") does not fall within one of those categories enumerated in §2(B). As noted above "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." It is incumbent upon Plaintiff to at least allege, if he can truthfully do so, that his sex offense does not place him within the registration provisions of the Sex Offender Registration Act.

Plaintiff has not challenged the constitutionality of the Sex Offender Registration Act, nor has he pled in any manner how the actions of Defendants varied from the explicit terms of the statute that require Plaintiff to register. Plaintiff has therefore failed to state a claim and the Complaint should be dismissed with prejudice.

## H.  REGISTRATION IS NOT A PENALTY

The duty to register in Illinois is not a penalty or punishment. *People v. Adams*, 144 Ill.2d 381, 387 (1991). The legislative intent of the registration requirement is set forth in *People v. Logan*, 302 Ill.App.3d 319 (2nd Dist. 1998), as creating an additional method of protection from the increasing incidence of sexual assault and sexual abuse, as legislation to protect the children, and organizing the delivery of information to the state police. *Id*. at 329.

In *Logan*, the court determined that although due process protections require that a plea agreement be made voluntarily and intelligently, the requirement that a defendant have an understanding of the consequences of a plea extends only to direct consequences and not to collateral consequences. *Id*, at 333, citing *People v Burt*, 168 Ill.2d 49, 64 (1995). The court then held that sex offender registration requirements impose only collateral consequences because they do not constitute punishment, and that even though defendant's plea agreement did not include community notification, the requirement that defendant register under the Registration Act did not invalidate his plea agreement. *Id*.

It is clearly established that "the Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public policy." *Nevada v. Hall*, 440 U.S. 410, 422 (1979). Illinois has set forth its legitimate public policy that sex offenders must register, not as a penalty or punishment, but for the reasons discussed above. Because the registration requirement is not a punishment,

requiring Plaintiff to register does not affect the punishment administered by New York for Plaintiff's offense.

## I.  EVEN IF MISTAKEN, THE DECISION BY TRENT AND NEWTON TO REQUIRE PLAINTIFF TO REGISTER IS NOT REVIEWABLE BY THIS COURT

"A federal judge . . . must assume that the state officials' interpretation is right – not necessarily because it *is* correct . . . but because errors in the interpretation of state law do not supply the basis for federal relief . . . The constitution does not require states to administer their laws correctly." *Burgess v. Ryan*, 996 F.2d 180, 184 (7th Cir. 1993), citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).

*Burgess* presented facts very similar to the case at bar, except that it involved a driving while intoxicated offense that led to the revocation of his Illinois driver's license, even though Colorado, the location of the conviction, would not have revoked his license. As the court stated, "Criminal charges need not detail the civil consequences of convictions. . . ," *Id*. at 186. Even if Defendants have misinterpreted Illinois law to require Plaintiff to register, Plaintiff fails to state a claim, because their decision cannot be reviewed in this Court.

## J.  CONCLUSION

Plaintiff's Complaint should be dismissed with prejudice because Defendants, if sued in their individual capacities, are entitled to qualified immunity. If Defendants are sued in their official capacity, *i.e.* a suit against the State, Plaintiff is not entitled to any damages; Plaintiff fails to state a claim because registration

requirements are set by statute, not a policy; Plaintiff fails to allege any order from

New York that Illinois had failed to give effect to; the registration requirement is

not punishment and Illinois has legitimate state interests in requiring registration;

and, this Court does not have jurisdiction to review the application of Illinois law by

Defendants. The Complaint should therefore be dismissed with prejudice.


**LISA MADIGAN**
**Illinois Attorney General**

**Respectfully Submitted:**
**s/JAMES A. LANG**
**IL Bar 06211100**
**Assistant Attorney General**
**General Law Bureau**
**100 W Randolph St, 13th FL**
**Chicago IL  60601**
**Phone:        (312) 814-5694**
**Fax:           (312) 814-4425**
**jlang@atg.state.il.us**


## CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this August 20, 2008, upon the individuals identified below in the manner indicated.

KEVIN PETERS
ATTORNEY AT LAW
407 S DEARBORN ST STE 1675
CHICAGO IL  60605-1144

By CM/ECF