# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MITCHELL ROSIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3541 |
| | ) |
| LARRY TRENT, el al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Mitchell Rosin ("Rosin") alleges that he was charged with a sex offense in Westchester County, New York and he pled guilty to a Class B misdemeanor offense ("New York Case"). According to Rosin, the written plea agreement ("Plea Agreement") entered into by Rosin and the state, and approved by court order ("Order"), did not include a requirement that Rosin register as a sex offender. Rosin claims that he would not have pled guilty if he was not assured that

1

he would not have to register as a sex offender in New York. Rosin contends that in February 2008, "R. Scianna," ("Scianna"), the Commander of the Oak Park Police Department, informed Rosin that based on Rosin's plea to the misdemeanor in the New York case, he was required to register as a sex offender under the Illinois Sex Offender Registration Act. Rosin was also allegedly told that he would need to move and he was required to register as a sex offender for life. (A. Compl. Par. 21). Rosin claims that he has not moved or registered as a sex offender and he remains under threat of arrest in the Village of Oak Park ("Village") if he fails to comply with the Village's demands. Rosin has named as Defendants in this action Larry Trent ("Trent"), the Director of the Illinois State Police, and Tracy Newton ("Newton") the Supervisor of Sex Offender Registration for Illinois. Rosin contends that Defendants' policy caused Scianna to order Rosin to register as a sex offender. Rosin brought the instant action pursuant to 42 U.S.C. § 1983, arguing in his amended complaint that Defendants violated the Full Faith and Credit Clause of the United States Constitution.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations

of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must

"'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Official Capacity Damages Claims

Defendants correctly argue that Rosin is barred from pursuing claims for damages against Defendants in their official capacities based on the State of Illinois' Eleventh Amendment immunity. Rosin concedes that "he cannot recover damages from the Defendants in their official capacities." (Ans. 5). Rosin indicates he will solely pursue claims for declaratory and injunctive relief. Therefore, we grant Defendants' motion to dismiss all claims for damages brought against Defendants in their official capacities.

II. Claims for Declaratory and Injunctive Relief

Defendants move to dismiss the claims for declaratory and injunctive relief. Defendants argue that the Full Faith and Credit Clause does not bar the state of Illinois from requiring Rosin to register in Illinois as a sex offender. U.S. Const. art. IV, § 1; *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002)(stating that "[u]nder the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court"). Rosin argues that as part of the Plea Agreement and Order, he was not required to register as a sex offender. Rosin contends that full legal effect must be given to the Order. Rosin alleges in his amended complaint that "[a]s part of t[he] written agreement, the New York court judge and the New York prosecutor specifically struck paragraph 29, which is the paragraph that otherwise would require sex offender registration." (A. Compl. Par. 14). Rosin indicates he has attached the Order to his amended complaint as Exhibit 1. (A. Compl. Par. 14). Rosin contends that it is clear from the "details" in the Order that Illinois is barred from requiring him to register as a sex offender. (Ans. 6). However, as Defendants point out, the Order does not contain specific details barring Illinois or other states from making Rosin register as a sex offender. The Order merely reflects that the requirement that Rosin "register as a sex offender with the New York State Division of Criminal

Justice Services" was stricken from the Order. (A. Compl. Ex. 1 Par. 29). As Defendants correctly point out, the Order is silent as to registration in any other state. Thus, there is no language in the Order, which must be given full-faith and credit that would bar the State of Illinois from forcing Rosin to register as a sex offender in Illinois. Even when liberally construing the pleadings in Rosin's favor, Rosin has failed to include allegations in his complaint that would state a valid claim against Defendants. In addition, regardless of the scope of the Order, Rosin has also failed to cite any controlling precedent on point to support his position. A New York state court judgment relating to registration in the State of New York would not necessarily bind an Illinois public official acting in Illinois. *See Burgess v. Ryan*, 996 F.2d 180, 182 (7th Cir. 1993)(holding that Illinois would revoke an individual's drivers license based on a conviction, even if the state where the conviction occurred would not have revoked the license and, in addition, that "[t]he Constitution does not require states to administer their laws correctly" and that "[b]lunders in the implementation of state law are inevitable; state courts provide the remedy"). Therefore, we grant Defendants' motion to dismiss the claims for injunctive and declaratory relief.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: November 19, 2008